**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EATERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| WAYNE PETERSON,<br>    Plaintiff, | :<br>:<br>:<br>:    CIVIL ACTION NO: 2:20 CV-05834 |
| v. | : |
| THE HARTFORD,<br>    Defendant. | :<br>:<br>:<br>: |

**ANSWER OF DEFENDANT, TWIN CITY FIRE INSURANCE COMPANY, INCORRECTLY IDENTIFIED AS THE HARTFORD TO PLAINTIFF'S COMPLAINT WITH AFFIRMATIVE DEFENSES**

1. Denied. After reasonable investigation, answering defendant lacks information sufficient to form a belief as to the truth or falsity of the averments contained in the corresponding paragraph and the same are therefore denied. Strict proof is demanded at the time of trial.

2. Denied as stated. The address of Twin City Fire Insurance Company is One Hartford Plaza, Hartford, CT 06115.

3. Denied as stated as to Answering Defendant. Plaintiff Wayne Peterson was an insured under said policy and the policy is a document which speaks for itself.

4-5. Denied as stated. Answering defendant conducts business in the Commonwealth of Pennsylvania.

6-9. Admitted upon information and belief as to answering defendant.

10. Denied. After reasonable investigation, answering defendant lacks information sufficient to form a belief as to the truth or falsity of the averments contained in the corresponding paragraph and the same are therefore denied. Strict proof is demanded at the time of trial.

1

11-12. The allegations contained in the corresponding paragraphs and the subparts thereto constitute conclusions of law for which no responsive pleading is required, and they are therefore denied. To the extent that said averments do not constitute conclusions of law, after reasonable investigation, answering defendant lacks information sufficient to form a belief as to the truth or falsity of the averments contained in the corresponding paragraphs and the same are therefore denied. Strict proof is demanded at the time of trial.

13. Answering defendant hereby incorporate by reference its answers to paragraphs 1 through 12 above as though fully set forth herein at length.

14-17. The allegations contained in the corresponding paragraphs constitute conclusions of law for which no responsive pleading is required, and they are therefore denied. To the extent that said averments do not constitute conclusions of law, after reasonable investigation, answering defendant lacks information sufficient to form a belief as to the truth or falsity of the averments contained in the corresponding paragraphs and the same are therefore denied. Strict proof is demanded at the time of trial.

18. Admitted upon information and belief as to answering defendant.

19. The allegations contained in the corresponding paragraphs constitute conclusions of law for which no responsive pleading is required, and they are therefore denied. To the extent that said averments do not constitute conclusions of law, after reasonable investigation, answering defendant lacks information sufficient to form a belief as to the truth or falsity of the averments contained in the corresponding paragraphs and the same are therefore denied. Strict proof is demanded at the time of trial.

20. Admitted upon information and belief as to answering defendant.

21. Denied as to answering defendant. Said policy of insurance speaks for itself. By way of further answer, said policy of insurance contains a permissive arbitration clause.

22. Admitted upon information and belief as to answering defendant.

**WHEREFORE**, answering defendant demands judgment in its favor.

### AFFIRMATIVE DEFENSES

1. The alleged injuries of the plaintiff were the result of the plaintiff's own negligence which exceeded any negligence of the uninsured motorist and, therefore, pursuant to the Pennsylvania Comparative Negligence Act, the plaintiff's claims are barred.

2. All or portions of the plaintiff's claims are barred by the provisions of the Pennsylvania Financial Responsibility Act and/or the Statutes of the Commonwealth of Pennsylvania and the answering defendant incorporates all defenses available under said Act or Statutes as the more fully set forth at length herein.

3. All or portions of plaintiff's claim for uninsured motorist benefits are barred by the provisions of the Pennsylvania Motor Vehicle Financial Responsibility Law and/or the terms of the applicable policy of insurance for failure to prove that an uninsured motorist committed a tortious act against plaintiff and thereby causing the injuries and damages as alleged in plaintiffs' complaint and therefore, all such allegations in plaintiff's complaint being expressly denied by answering defendant.

4. Answering defendant believes and therefore, avers that if plaintiff sustained the injuries and damages as alleged in the plaintiff's complaint, the amount of the compensatory injuries and/or damages the plaintiff is legally entitled to recover under the terms of the applicable policy

provisions from the alleged uninsured motorist are in controversy and expressly disputed in whole or in part by answering defendant and therefore, answering defendant is under no duty to pay any amount of UM benefits in whole or in part to plaintiff.

5. Answering defendant did not breach any duty allegedly owed to plaintiff as there is a legitimate dispute as to the entitlement of plaintiff to the amount requested under the terms of his policy with answering defendant and answering defendant is under no duty to provide any payments benefits, in whole or in part, to plaintiff for the damages alleged in his complaint.

6. Any and all claims of the plaintiff for uninsured motorist benefits from answering defendant are barred by the applicable provisions of the Pennsylvania Motor Vehicle Financial Responsibility Law because plaintiff is not legally entitled to receive amounts for any and all of the damages alleged in the complaint from the uninsured motorist.

7. Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

8. Pursuant to Pennsylvania Rule of Civil Procedure 1030, the defendant herein specifically pleads the affirmative defenses of assumption of the risk; contributory negligence; payment release; res judicata; statute of limitations and immunity from suit.

9. Plaintiff's claims may be limited or precluded by the provisions of the applicable policy with Twin City Fire Insurance Company, which was in effect on the date of the accident. Twin City Fire Insurance Company, raises all defenses available to it under the insurance policy.

10. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

11. Plaintiff has failed to mitigate his damages.

12. If the plaintiff sustained the injuries and damages as alleged in his complaint, then same are caused by other entities or parties over which answering defendant had no control.

13. This court lacks jurisdiction over the subject matter of the within action.

14. If plaintiff sustained the injuries and damages as alleged in his complaint, then same were not proximately caused by any action or failure to act on behalf of answering defendant.

**WHEREFORE,** answering defendant demands judgment in its favor.

                                              **LAW OFFICES OF W. KELLY McWILLIAMS**

                                              _____
                                              Mark R. Bosniak, Esquire
                                              Attorney I.D. 32128
                                              1515 Market Street, Suite 1802
                                              Philadelphia, PA 19102
                                              215-446-7663
                                              Mark.bosniak@thehartford.com
                                              Attorney for Defendant, Twin City Fire Insurance
                                              Company, incorrectly identified as The Hartford

Date:  11/20/2020